■ In the Matter of LIQUID ASPHALT DISTRIBUTORS ASSOCIATION, INC., Respondent, v FRANKLIN E. WHITE, as Commissioner of Transportation of the State of New York, Appellant. —Casey, J. Appeal from a judgment of the Supreme Court (Kahn, J.), entered June 19, 1987 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* declare unlawful respondent's placement of certain contractors on a list barring them from participation in State contracts.

The 24 members of petitioner, a not-for-profit corporation, derive a substantial portion of their business from public contracts involving the sale and application of liquid bitumi-

nous materials for the maintenance and repair of highways and streets within the State. The Office of General Services, acting solely as the contracting agency for the Department of Transportation (hereinafter DOT), annually issues proposals to bidders to furnish liquid bituminous materials and blacktop to DOT for the purpose of filling orders placed by its regional offices. Based on these bids, contracts are awarded to petitioner's members and affiliates to furnish material as suppliers on DOT contracts or projects.

In April 1987, DOT decided to add a new specification to its contract documents that would require, commencing June 4, 1987, bidders to certify that they would not seek approval of firms that had been debarred, suspended or voluntarily excluded by Federal agencies. Accordingly, DOT circulated a list that it had compiled which contained the names of companies and individuals that Federal agencies had taken action against, as well as the effective dates of such action. The certification required the bidder not to seek subcontractor or supplier approval for the effective period of the debarment. On April 27, 1987 respondent sent the form to petitioner for its comment. In that letter, respondent advised petitioner that "as a matter of policy and in order to provide uniformity" the new debarment and suspension system would be applied to "100% State funded contracts" as well as to all Federally funded ones.

On May 18, 1987 petitioner commenced the instant CPLR article 78 proceeding to assert the rights of two of its member firms, Peckham Materials Corporation and New York Bituminous Products, as well as those of Bituminous Products' president, all of whose names appeared on the list of debarred and suspended parties. Petitioner contends that the effect of the new specification was to prohibit these members from participating in any contracts awarded by DOT or any other State or municipality, and that respondent lacked legislative or other authority to impose such sanction. In addition, four other member firms were alleged to be "at risk" of such ineligibility. Petitioner requested a declaration that respondent's certification requirement and debarment lists in regard to the named members exceeded respondent's permissible jurisdiction, was violative of lawful procedure, affected by an error of law and was arbitrary and capricious. Respondent claims that the names on the list were debarred and suspended by the Federal Highway Administration (hereinafter FHA) and that this State must comply with such a regulation in order to obtain Federal aid.

Supreme Court considered respondent's certification requirement to be in excess of respondent's jurisdictional authority and enjoined respondent's use of the list to prohibit a contractor's participation as a bidder, subcontractor or supplier. Supreme Court further decided that no legislative authorization permitted respondent to debar or suspend bidders prospectively. Respondent appeals.

We agree with Supreme Court that respondent lacks authority to debar or suspend contractors prospectively. While DOT undeniably administers a large number of Federally aided and funded projects in this State and has agreed to comply with the applicable terms and conditions set forth in the Federal Highway Law (23 USC § 101 *et seq.*), there is no proof here that DOT was ever threatened with a loss of Federal aid in the absence of a State-imposed system of debarring those firms already excluded by the FHA. The debarment list was compiled by DOT, not by the Federal agency, and the certification requirement impermissibly extends to exclusively State-funded contracts which have no Federal connection.

We therefore conclude, as did Supreme Court, that our prior decision in *Matter of Callanan Indus. v White* (118 AD2d 167, *lv denied* 69 NY2d 601) would be circumvented by adopting respondent's rationale. Lacking the authority of our own State Legislature, there is no merit in respondent's claim that the FHA somehow delegated the authority to debar and suspend to respondent. Accordingly, the judgment of Supreme Court should be affirmed in its entirety.

Judgment affirmed, with costs. Mahoney, P. J., Casey, Weiss and Yesawich, Jr., JJ., concur.